United States District Court
Southern District of Texas
**ENTERED**
July 01, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHAKKY OLADIPO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-19-2875 |
| | § | |
| KEVIN K. McALEENAN, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending is Defendants' Opposed Motion to Substitute and Dismiss Defendant's Name from Complaint and Dismiss Complaint as Moot (Document No. 4), which has been referred to the undersigned Magistrate Judge.  Having considered that motion, the response in opposition (Document No. 5), Defendant's Reply (Document No. 6), and the allegations and relief sought by Plaintiff in her Original Complaint (Document No. 1), the Magistrate Judge RECOMMENDS that Defendants' Opposed Motion to Substitute and Dismiss Defendant's Name from Complaint and Dismiss Complaint as Moot (Document No. 4) be GRANTED and this case be DISMISSED as MOOT.

On August 2, 2019, Plaintiff Shakky Oladipo filed this case seeking an Order requiring Defendants to forward her appeal of the March 26, 2018 denial of her I-130 Petition for Alien Relative to the Board of Immigration Appeals.  Plaintiff alleges that a timely notice of appeal on April 9, 2018, and timely filed her appeal brief on May 4, 2018, but Defendants had not, as of the date she filed this suit, transferred the EOIR-29 Appeal to the Board of Immigration Appeals. Plaintiff alleges that "Defendants have willfully and unreasonably delayed, and have refused to act upon plaintiff's appeal, thereby depriving plaintiff due process," that "Defendants owe plaintiff a

duty to act upon her application in a reasonable and timely manner, which they gave unreasonably failed to perform," and that she has "exhausted any administrative remedies that may exist." Complaint (Document No. 1) at 6.  In its responsive pleading, Defendants seeking an Order dismissing one of the Defendant's names from the complaint (Merilee Fong) as well as dismissing the case as moot – Plaintiff's appeal having been forwarded to the Board of Immigration Appeals on September 26, 2019.  With respect to the dismissal of Defendant Fong, Defendants maintain that she was not involved with, and no connection with the March 28, 2018 denial of Plaintiff's I-130 Petition, and should therefore be dismissed from this case.  As for the merits of Plaintiff's claims, Defendants state that "[t]he BIA [Board of Immigration Appeals] received Plaintiff's most recent I-130 appeal on September 26, 2019," and that "[a]s Plaintiff's appeal has been elevated to the BIA, her District Court Complaint is moot." Motion (Document No. 4) at 2.  Plaintiff responds to Defendants' Motion to Dismiss by pointing to the propriety of Merilee Fong as a Defendant in this case because she has been sued in her official capacity as General Counsel for the U.S. Citizenship and Immigration Service Houston Field Office.  Plaintiff further represents in her Response, which was filed on October 16, 2019, that "plaintiff's attorney contacted the Board of Immigration Appeals . . . and was informed . . . that the appeal [had] not been received," that neither she nor her attorney have received a confirmation letter and filing receipt from the Board of Immigration Appeals, and that the "underlying basis [for her] Complaint for Writ of Mandamus remains and has not been settled as moot."  Response (Document No. 5) at 3.  Defendants, in reply, have provided proof that the appeal was forwarded to the Board of Immigration Appeals, and that a "receipt notice of Plaintiff's appeal was issued by the BIA to the parties as of October 18, 2019 (Document No, 8-2). Additionally, Defendants reiterate that Merilee Fong is not a proper party because she had no

involvement with the I-130 Petition at issue, and is an associate counsel, not the general counsel of the U.S. Citizenship and Immigration Service Houston Field Office.

Based on the proof offered by Defendants that the appeal was received by the Board of Immigration Appeals on September 26, 2019, and that a filing receipt was provided Plaintiff on October 18, 2019 (Document Nos. 8-2 and 8-3), the entirety of the relief sought by Plaintiff in this case has been obtained. The case is, therefore, moot. *Knox v. Serv. Employees Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012) ("A case becomes moot only when it is impossible for a court to grant "' "any effectual relief whatever" to the prevailing party.'"); *see also e.g. King v. McAleenan*, No. 19-13454, 2020 WL 3412277, at *3 (E.D. Mich. June 22, 2020) (dismissing as moot plaintiff's claim that Defendants did not timely forward plaintiff's appeal to the Board of Immigration Appeals where plaintiff's petition was subsequently sent to the Board of Immigration Appeals). In addition, because there are no allegations against Merilee Fong, and because she is an associate counsel and has no supervisory role over anything related to the I-130 Petition at issue herein, she is not a proper defendant and should, additionally, be dismissed from this case. *See Lakkis v. Lahovski*, No. 3:12-CV-1024, 2012 WL 5390002, at *5 (M.D. Pa. Nov. 5, 2012) (where there are no allegations that a defendant was "personally involved in any actions taken against Plaintiff . . . he is . . . not a proper defendant in the case"). Accordingly, the Magistrate Judge

RECOMMENDS that Defendants' Opposed Motion to Substitute and Dismiss Defendant's Name from Complaint and Dismiss Complaint as Moot (Document No. 4) be GRANTED, that Defendant Merilee Fong be DISMISSED as a Defendant, and that the entire case be DISMISSED WITH PREJUDICE AS MOOT.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented

parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 30th day of June, 2020.

Frances H. Stacy
United States Magistrate Judge